**Charles B. SHORTER, Appellant,**

v.

**Lillian E. ADLER, Appellee.**

**No. 14322.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 18, 1958.

Decided July 10, 1958.

Mrs. A. Lillian C. Kennedy, Washington, D. C., with whom Mr. Eugene A. Chase, Washington, D. C., was on the brief, for appellant.

Mr. George E. C. Hayes, Washington, D. C., with whom Messrs. James A. Cobb, Julian R. Dugas, and Luke C. Moore, Washington, D. C., were on the brief, for appellee.

Before EDGERTON, Chief Judge, MADDEN, Judge, United States Court of Claims,* and BAZELON, Circuit Judge.

MADDEN, Judge.

Miss Mary Erminie Shorter was the owner of a house and lot in the District of Columbia. On December 3, 1953, she executed a deed conveying the property to a third person who, on the same day, conveyed the property to Miss Shorter and the appellee, Mrs. Adler, as joint tenants. Miss Shorter died in 1956. The appellant was her brother and her sole heir. He brought a civil action in the District Court for the District of Columbia seeking to set aside the deeds on the grounds of "mental incapacity, fraudulent inducement, duress, undue influence and coercion coupled with physical abuse."

The case was heard by the District Court without a jury. The evidence showed that Miss Shorter was, in 1953, almost eighty years old. She had been a teacher in the public schools for some 50 years, during much of that time the principal of a school, and had been retired for some 10 years. In 1948 or 1949 she took Mrs. Adler, who was some 20 years her junior, into her home as her companion.

Witnesses for the plaintiff, most of them neighbors and friends of Miss Shorter for many years, testified to deterioration of her mental capacity during the period before the making of the deeds in question. Several of them gave their opinion that she was of unsound mind in December 1953. Others testified to loss of mental acuteness, but were of the opinion that she was not of unsound mind. All of them testified to progressive physical deterioration.

The plaintiff's witnesses testified that Mrs. Adler frequently inflicted physical violence upon Miss Shorter, the witnesses having observed the incidents, or heard Miss Shorter's pleas that it should stop; that on one occasion Mrs. Adler was seen to tear off Miss Shorter's gown; that she was heard to demand repeatedly that Miss Shorter sign something; that she was heard to threaten to expose some supposed misconduct of Miss Shorter; that Miss Shorter had told a friend that Mrs. Adler would kill her.

* Sitting by designation pursuant to the provisions of Sec. 291(a), Title 28 U.S.Code.

When the plaintiff rested his case, counsel for the defendant expressed an intention to make a motion, presumably a motion for judgment on the ground that the plaintiff's evidence was not sufficient to require that the deeds be set aside. Thereupon the following colloquy took place.

"The Court: You see, if you make a motion to dismiss, that kind of a motion does not have much weight in an equity suit. But on such a motion I have to consider the testimony adduced by the plaintiff from the standpoint most favorable to the plaintiff.

"However, if you rest, I can make a finding of facts.

"Mr. Hayes: (Counsel for the defendant.) I do not rest.

"The Court: I suggest that you rest.

"Mr. Hayes: Then of course I will be guided by Your Honor.

"The Court: Do you rest?

"Mr. Hayes: Yes, Your Honor."

The court thereupon made a finding of fact that there was not sufficient proof that the defendant induced Miss Shorter to execute the deeds in question by the means alleged in the complaint.

It seems evident that the court desired to be free to consider the evidence otherwise than "from the standpoint most favorable to the plaintiff", when the court suggested that the defendant rest rather than make a motion to dismiss.

We think the court should have, in the absence of evidence to the contrary, treated such of the plaintiff's evidence as was not inherently incredible as true. So treating it, we think it requires effective contradiction or explanation.

Miss Shorter, having been a teacher for 50 years, was presumably a woman of refinement and gentility. It would seem that she would not have tolerated the treatment testified to by the plaintiff's witnesses, unless, because of her advanced years and declining physical and mental capacities, she could not muster the strength and will to put an end to it. Taking the testimony at its face value, Mrs. Adler must have been an overbearing, dominating companion. In those circumstances, the deeds may well have been the product of coercion.

When and if the defendant presents her side of the case, the court may be convinced that the testimony of the plaintiff's witnesses was false or exaggerated, or that, in spite of the unsavory incidents to which they testified, Miss Shorter was, on the whole, fond of Mrs. Adler and appreciated her companionship, and freely and genuinely wished to reward her by giving her the house.

The judgment is reversed and the cause is remanded to the District Court for further proceedings not inconsistent with this opinion.

Reversed and remanded.